UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


THEODORE E. KURZ, D.C.                    CIVIL ACTION


v.                                        NO. 06-7431


SCOTTSDALE INSURANCE COMPANY and          SECTION "F"
BEYER-BEESON INSURANCE AGENCY, INC.


ORDER AND REASONS

        Before the Court is the plaintiffs' motion to remand.
For the reasons that follow, the motion is DENIED.

Background

        Theodore Kurz' home was damaged by Hurricane Katrina.
Kurz filed a lawsuit in state court on August 28, 2006, naming
Scottsdale Insurance Company and Beyer-Beeson Insurance Agency,
Inc., his insurance agent's company, as defendants.  Kurz asserted
he was entitled "to payment for all damages and losses to his
property" for Scottsdale's "failure, refusal and/or neglect in
making payment(s) under its policies of insurance."  Kurz also
asserted that Beyer-Beeson breached a duty owed to him because they
were "unavailable to assist [him] in any way whatsoever" with his
claims on his homeowners insurance policy.

        Scottsdale Insurance Company removed the case to this
Court with the consent of the other defendant, Beyer-Beeson

1

Insurance Agency, Inc., on October 5, 2006, invoking this Court's original diversity jurisdiction. Scottsdale asserts that the amount-in-controversy requirement is met, and that the parties are completely diverse because the in-state defendant, Beyer-Beeson, is fraudulently joined. Scottsdale alternatively argues that the lawsuit can properly be removed because this Court has original federal subject matter or supplemental jurisdiction under the Multiparty, Multiforum Trial Jurisdiction Act, 28 U.S.C. §§ 1369 and 1441(e)(1).

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined

2

defendants, and the amount in controversy must exceed $75,000.  <u>See</u>
28 U.S.C. § 1332.

Scottsdale contends that this Court has diversity
jurisdiction over this suit because the parties are completely
diverse and the amount-in-controversy requirement is met.

III.

Defendants have thirty days from receipt of the initial
pleading in which to remove a case from state court to federal
court.  28 U.S.C. § 1446(b).  This general rule applies when the
pleading "affirmatively reveals on its face that the plaintiff is
seeking damages in excess of the minimum jurisdictional amount of
the federal court." <u>Chapman v. Powermatic, Inc.</u>, 969 F.2d 160, 163
(5th Cir. 1992).  Kurz' petition, in conformity with Louisiana law,
was silent regarding damages.  When the plaintiff has alleged an
indeterminate amount of damages, the Fifth Circuit requires the
removing party to prove by a preponderance of the evidence that the
amount in controversy exceeds $75,000.  <u>Simon v. Wal-Mart Stores</u>,
193 F.3d 848, 850 (5th Cir. 1999); <u>see also De Aguilar v. Boeing
Co.</u>, 47 F.3d 1404, 1412 (5th Cir. 1995).

In his original complaint, Kurz claimed that the
defendants had made no payments for claims under his homeowner's
policy.  Kurz' homeowner's policy limit totals $80,400, which
includes $67,000 in coverage for the dwelling, $6700 for "other
structures," and $6700 for fair rental value.  Because Kurz asserts

a claim for "all reasonable damages" for "all damages and losses to his property," and because no payments have been made thus far to Kurz by Scottsdale, Scottsdale reasonably inferred that the amount-in-controversy requirement for diversity jurisdiction was met. The policy accompanying Scottsdale's removal detailing the policy amounts, coupled with Kurz' assertions in his original pleading, including his request for interest and costs, sufficiently establish the amount in controversy. "If the defendant meets its burden of showing the requisite amount in controversy, the plaintiffs can defeat removal only by establishing with legal certainty that their claims are for less than $75,000." Dobson v. Allstate Insurance Co., 2006 WL 2078423 (E.D. La. July 21, 2006)(Vance, J.). The Fifth Circuit has stated that absent a statute limiting recovery, plaintiffs must file a sworn affidavit with their complaint, describing the amount in controversy. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995). "The general principle," the court explained, "is that plaintiffs will have to show that they are bound irrevocably by their state pleadings in these situations." Id. at 1412 n.10. Kurz did not submit an affidavit with his petition, stating that the amount sought was less than $75,000. Therefore, Scottsdale's evidence that the amount in controversy meets the diversity jurisdiction requirement stands.

IV.

A plaintiff may not join a defendant in a suit to defeat diversity jurisdiction unless the plaintiff has a viable claim against that defendant.  When determining whether the plaintiff has a viable claim, "the plaintiff's intent that the joinder" of a defendant "should defeat federal subject matter jurisdiction is immaterial to the propriety of the removal," as long as the claim against the party to be joined is "not merely colorable or made in bad faith."  14C C. Wright, A. Miller & E. Cooper, <u>Federal Practice and Procedure</u> § 3723, at 629-30 (3d ed. 1998).  "The burden of proving a fraudulent joinder is a heavy one" that is borne by the removing party.  <u>Green v. Amerada Hess Corp.</u>, 707 F.2d 201, 205 (5th Cir. 1983).  It has been a difficult one for the removing party and in the eighties, the Fifth Circuit took a strict position when it said the "removing party must show either that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in plaintiff's pleading of jurisdictional facts."  <u>B., Inc. v. Miller Brewing Co.</u>, 663 F.2d 545, 549 (5th Cir. 1981).  Procedurally, this Court must insist on certainty in the record because "[f]raudulent joinder must be proved 'with particularity and supported by clear and convincing evidence' by the removing party."  <u>Doe v. Cutter Biological</u>, 774 F. Supp. 1001, 1003 (E.D. La. 1991) (quoting 14A C. Wright, A. Miller

& E. Cooper, <u>Federal Practice and Procedure</u> § 3723, at 343 (2 ed. 1985)).  The Court, however, should not pretry the case.  <u>Carriere v. Sears, Roebuck and Co.</u>, 893 F.2d 98, 100 (5th Cir. 1990).

The Fifth Circuit has historically used different phrases in describing the standard for fraudulent joinder.  But whether using the phrase "no possibility of recovery" or "reasonable basis for the plaintiff to establish liability," the essential standard has been the same.  <u>See</u> <u>Travis v. Irby</u>, 326 F.3d 644, 647 (5th Cir. 2003). In <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, the Fifth Circuit clarified the standard when it stated:

> [T]he court determines whether the party has any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that the state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable not merely theoretical.

313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).

A full-scale evidentiary hearing is improper for determining improper joinder because the validity of the plaintiff's "claim against the in-state defendant(s) should be capable of summary determination." <u>Green</u>, 707 F.2d at 204.  The scope of the inquiry for fraudulent joinder, however, goes beyond to pleadings to include summary judgment-type evidence. <u>Travis</u>, 326 F.3d at 648-49.  Further, the resolution of ambiguities, whether in the relevant state law or in fact, are to be interpreted

6

in favor of the party who is accused of improper joinder.  <u>Id.</u> at 648.

Scottsdale must prove that the non-diverse defendant was fraudulently joined, <u>see</u> <u>Brady v. Wal-Mart Stores, Inc.</u>, 907 F. Supp. 958, 959 (M.D. La. 1995), by showing either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." <u>McKee v. Kan. City S. Ry. Co.</u>, 358 F.3d 329, 333 (5th Cir. 2004) (citation omitted).

Scottsdale relies upon Kurz' inability to establish a cause of action against Beyer-Beeson, the in-state defendant.[1]  In the original complaint, Kurz alleges that Beyer-Beeson breached "a duty" owed to him because Beyer-Beeson "was unavailable to assist [him] in any way whatsoever his claims for homeowners insurance under policies of insurance."

In Louisiana, the fiduciary duty that an insurance agent owes to a customer is to use reasonable diligence to procure the coverage requested.  <u>See</u> <u>Graves v. State Farm Mut. Auto Ins. Co.</u>, 821 So. 2d 769, 772 (La. App. 2002); <u>Smith v. Millers Mut. Ins. Co.</u>, 419 So. 2d 59, 64 (La. App. 1982); <u>Porter v. Utica Mut. Ins. Co.</u>, 357 So.2d 1234, 1238 (La. App. 1978).  Procurement of

---

[1]     Kurz did not address this issue in his motion to remand, nor did he submit any memoranda in response to Scottsdale's argument.  The Court, nevertheless, will analyze Scottsdale's fraudulent joinder argument because the burden of proof resides with the defendant.

insurance includes advising customers regarding recommended coverage and possible gaps in coverage, see Offshore Production Contractors, Inc. v. Republic Underwriters Insurance Co., 910 F.2d 224, 231 (5th Cir. 1990), obtaining the right amount of coverage requested by the customer, see Karam v. St. Paul Fire & Marine Insurance, 281 So. 2d 728 (La. 1973), and promptly notifying of a failure to obtain coverage for the customer, see Cambre v. Travelers Indemnity Co., 404 So. 2d 511, 516 (La. App. 1982).

The fiduciary duty owed by insurance agents and brokers to customers does not include the duty to assist or advocate on the customer's behalf in handling and negotiating claims with the insurer. See Tomlinson v. Allstate Indemnity Company, 2006 WL 1331541 (E.D. La. May 12, 2006)(plaintiffs had no claim for relief where they alleged that their insurance agent "breached her fiduciary duty by her 'complete lack of assistance and cooperation' and by her failure 'to handle their claims effectively'").

Even if Beyer-Beeson assumed the duty claimed, negligence by an insurance agent is not actionable under Louisiana law unless it constitutes the cause in fact of the harm for which recovery is sought. See Motors Ins. Co. v. Bud's Boat Rental, Inc., 917 F.2d 199 (5th Cir. 1990); Offshore Prod. Contractors v. Republic Underwriters Ins. Co., 910 F.2d 224 (5th Cir. 1990). An act is a cause in fact of an injury when the harm would not have occurred without it. Toston v. Pardon, 874 So.2d 791, 799 (La. 2004). The

plaintiffs do not on this record demonstrate how their insurance agent's lack of assistance in assisting or negotiating a claim with their insurer has caused the lack of payment at issue.   Because the plaintiff has failed to state a claim against Beyer-Beeson, this Court finds no reasonable basis for "predicting that the state law might impose liability on the facts involved." <u>Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.</u>, 313 F.3d 305, 312 (5th Cir. 2002)(internal citation and quotations omitted).   This Court finds that Scottsdale has met its burden of proof and that Beyer-Beeson has been improperly joined.   The parties in this case are completely diverse.[2]

Accordingly, the plaintiffs' motion to remand is DENIED.


New Orleans, Louisiana, November 7, 2006.


_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE


---

[2]   Because Scottsdale properly removed this case to this Court on the basis of diversity jurisdiction, this Court does not need to consider Scottsdale's claim that this Court has original or supplemental jurisdiction under 28 U.S.C. §§ 1369 and 1441(e)(1).